UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                        Case No. 21-cr-20354
                        Honorable Jonathan J.C. Grey

        Plaintiff,

v.

D-24 BRANDON THOMAS,

        Defendant.
_____/

## ORDER DENYING BRANDON THOMAS' MOTION TO DISMISS (ECF NO. 862) AND MOTION FOR BILL OF PARTICULARS (ECF NO. 861)

On April 24, 2023, Brandon Thomas filed a motion to dismiss the indictment pending against him. (ECF No. 862.) Thomas alleges violation of the Speedy Trial Act and his Sixth Amendment right to a speedy trial. That same day, Thomas filed another motion challenging the legal sufficiency of the indictment and he requested the Court to order the government to provide a bill of particulars. (ECF No. 861.) The government timely responded to both motions. (ECF Nos. 883 and 884.) For the following reasons, the Court **DENIES** Thomas' motions.[1]

---

[1] The Court finds that oral argument would not aid in the disposition of this motion. Thus, the Court issues its ruling here after review of the parties' briefs. *See Kloss v. RBS Citizen*, 996 F. Supp. 2d 574, 590 (E.D. Mich. 2014) (courts may determine

I.      Background

On May 26, 2021, a federal grand jury returned an indictment charging 40 defendants with 39 counts including, *inter alia*, racketeering conspiracy in violation of 18 U.S.C. § 1962(d) and drug-trafficking conspiracies in violation of 21 U.S.C. § 846. (ECF No. 1.) Thomas is one of the charged defendants. On June 11, 2021, the Court designated this case a "mega-case." (ECF No. 215.)

On September 15, 2022, 36 defendants, including Thomas, stipulated that this case is complex within the meaning of 18 U.S.C. § 3161(h)(7)(B)(ii). (ECF No. 679.) The parties also stipulated that pursuant to 18 U.S.C. § 3161(h)(7), the time period between November 11, 2022, and March 10, 2023 qualifies as excludable delay under the Speedy Trial Act because the ends of justice served by granting the continuance outweigh the bests interests of the public and the defendants in a speedy trial. (*Id.*)

On February 13, 2023, United States District Judge Paul D. Borman extended the Speedy Trial Act deadline from March 10, 2023 to

---

motions on the briefs without oral hearing) (citing Fed. R. Civ. P. 78(b)); *Mohlong v. Long Beach Mortg.*, No. 12-10120, 2013 WL 827221, at *2 (E.D. Mich. Mar. 6, 2013) (stating that the Eastern District of Michigan LR 7.1(f)(2) gives discretion to decide motions without hearings).

September 12, 2023 for sixteen defendants who waived their Speedy Trial rights in order to obtain full discovery and have sufficient time to prepare for trial. (ECF No. 823.) Four more defendants waived the Speedy Trial deadline after February 13, 2023. (ECF Nos. 822, 824, 825, 827.) Fifteen defendants did not waive their rights under the Speedy Trial Act.

On February 24, 2023, the government filed a motion requesting that the Court find excludable delay to the non-waiving defendants. (ECF No. 830.) Seven non-waiving defendants filed objections to the government's motion. Generally, the seven objections argued that a Speedy Trial Act time exclusion to one defendant does not apply to all defendants and such an exclusion to all defendants is a violation of the non-waiving defendants' Sixth Amendment rights to speedy trials. Despite having the opportunity to do so, Thomas did not object to the government's motion.

On March 13, 2023, the Court granted the government's motion and extended the Speedy Trial deadline from March 10, 2023 to September 12, 2023 for all defendants. (ECF No. 853.) The Court extended the deadline for three reasons.

First, 18 U.S.C. § 3161(h)(6) provides that the Court "shall [] exclude[] in computing time … [a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." Given that certain defendants waived their Speedy Trial Act rights and consented to extend the deadline to September 12, 2023, and no defendant filed a motion for severance, the Court imposed the same reasonable extension to all joined codefendants, notwithstanding their waiver status.

Second, 18 U.S.C. § 3161(h)(7) provides that the Court "shall [] exclude[] in computing time . . . [a]ny period of delay resulting from a continuance granted by any judge . . . at the request of . . . the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." The Court found that the ends of justice by granting a continuance outweigh the best interest of the public and the defendants in a speedy trial due to the large number of defendants, voluminous discovery, and complexity of the case. (ECF No. 853, PageID.5082.) Specifically, the case has "thirty-five [remaining] defendants, includes 1800 gigabytes of

discovery… and is so complex that it is 'unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself' without the continuance." (ECF No. 853, PageID.5082.) (quoting 18 U.S.C. § 3161(h)(7)(B)(ii)).

Third, the Court found that an extension of the deadline to September 12, 2023 did not violate the defendants' Sixth Amendment rights to speedy trials. Unlike the Speedy Trial Act, the Sixth Amendment right to a speedy trial does not provide a definite and specific time of when a trial must occur. Instead, the Court is to balance and assess four factors to determine whether there has been a Sixth Amendment violation. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). Those four factors are: (1) length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to that defendant. *Id*.

In determining whether an extension of the Speedy Trial deadline from March 10, 2023 to September 12, 2023 would run afoul to the defendants' Sixth Amendment right to a speedy trial, the Court carefully and comprehensively balanced the facts of this complex "mega-case" against the four factors.

5

*1. Length of Delay*

The Court acknowledged that based on a September 12, 2023 trial date, the delay from indictment or arraignment to trial for most of the defendants will be approximately two and one-third years. (ECF No. 853.) However, "only those periods of delay attributable to the government or the court are relevant to [a defendant's] constitutional claim." *United States v. Howard*, 218 F.3d 556, 564 (6th Cir. 2000). In other words, if the two and one-third year delay was attributable to the defendants, then there would be no delay for purposes of a Sixth Amendment violation and the inquiry would end there. After contention between the parties about who was at fault for the delay, the Court found that there was reason to attribute enough delay to the government or court to necessitate further analysis. (ECF No. 853, PageID.5087.)

*2. The Reason for the Delay*

While working with the two appointed discovery coordinators, the government provided more than 90% of all bates-numbered discovery materials by December 30, 2021. (*Id.*, 5088.) The government contended that the reason for any delays was for no fault of its own and was due to the complexity of the case, number of defendants, and the voluminous

6

discovery. (*Id.*) The Court found that the reasons for delay weigh in favor of the government as there was no evidence of bad faith or intentional delay by the government. (*Id.*, PageID.5089.)

### 3. *The Defendants' Assertion of Their Rights*

Though the defendants did not assert their Sixth Amendment rights to a speedy trial before 2023, the Court credited their recent assertion, which required the Court to consider the fourth *Barker* prong. (*Id.*)

### 4. *Prejudice to the Defendants*

Finally, in assessing prejudice to the defendants, the Court is to consider (i) oppressive pretrial incarceration; (ii) potential anxiety and concern for the defendants as they await trial; *and* (iii) the effect of the delay on the defendant's defense. *Barker*, 407 U.S. at 532 (emphasis added). Against this backdrop, the Court expressed its concern that further delay prolongs the pretrial incarceration period for many defendants and increases their anxiety and concern. (*Id.*) However, the Court found that the delay does not harm the defendants' defense. (*Id.*) The Court reasoned that the delay may help the defendants present their case as an extension would give them more time to evaluate

7

discovery, strategize, and coordinate with counsel for other defendants. (*Id.*)[2]

## II. Discussion

### A. Motion to Dismiss

For all the reasons mentioned in the Court's March 13, 2023 order finding excludable delay, the undersigned denies Thomas' motion to dismiss. As of May 2, 2023, Thomas has not filed a motion for severance and remains joined with a number of codefendants whose time for trial has not run. *See* 18 U.S.C. § 3161(h)(6). The ends of justice served by granting the September 12, 2023 continuance outweigh the best interests of the public and the defendants in a speedy trial due to the complexity of this case, number of defendants, and voluminous discovery. *See* 18 U.S.C. § 3161(h)(7). In fact, during the Court's April 4, 2023 status conference, liaison counsel for some of the proposed trial groups requested additional time to parse through discovery and file dispositive motions. (ECF No. 882, 4/4/23 Status Conference Transcript.) Counsels' request further supports the Court's finding that

---

[2] On March 23, 2023, the undersigned received this case due to a transfer.

an extension is not only warranted, but will help the defendants. Finally, the Court's four *Barker* findings apply to Thomas' motion.

Thomas' rights under the Speedy Trial Act and the Sixth Amendment were not violated. Accordingly, the Court **DENIES** Thomas' motion to dismiss (ECF No. 862.)

### B. Motion for Bill of Particulars

In Thomas' motion requesting the Court to order the government to provide particulars, he alleges that the indictment is deficient as it lacks requisite particulars to establish his participation in the charged crimes. (ECF No. 861, PageID.5261.) The indictment charges Thomas in Count One, as a participant in a racketeering conspiracy in violation of 18 U.S.C. § 1962(d); and in Count Four, as a participant in a drug conspiracy in violation of 21 U.S.C. § 846. Thomas requests that the government provide the date(s) when Thomas became a member of the racketeering conspiracy, the role Thomas had in the racketeering conspiracy, and the specific kind(s) of controlled substance(s) Thomas allegedly conspired to sell. (*Id.*, PageID.5268-69.) Thomas claims these particulars are needed to prepare a defense, frame objections to evidence at trial, and to assert a claim of double jeopardy to any subsequent related charge. (*Id.*, PageID.5266.)

9

An indictment is legally sufficient if it "fully, directly, and expressly . . . set[s] forth all the elements necessary to constitute the offense intended to be punished." *United States v. McAuliffe*, 490 F.3d 526, 531 (6th Cir. 2007) (quoting *United States v. Douglas*, 398 F.3d 407, 411 (6th Cir. 2005)). The indictment must: (1) "set out all of the elements of the charge[d] offense and must give notice to the defendant of the charges he faces[,]" and (2) "be sufficiently specific to enable the defendant to plead double jeopardy in a subsequent proceeding, if charged with the same crime based on the same facts." *Id*. The language of the statute must "be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description with which he is charged." *Hamling v. United States*, 418 U.S. 87, 117–18 (1974)). Federal Rule of Criminal Procedure 7(c)(1) provides that the indictment must include "a plain, concise, and definite written statement of the essential facts constituting the offense charged."

The May 26, 2021 indictment properly sets out the elements of Thomas' charges. To prevail on Count One, racketeering conspiracy in violation of 18 U.S.C. § 1962(d), the government must establish that an enterprise existed, the enterprise engaged in activities affecting

interstate or foreign commerce, and that each defendant agreed that a member of the conspiracy would commit a violation. *See* 18 U.S.C. § 1962(d). As to Count Four, drug conspiracy in violation of 21 U.S.C. § 846, the government must establish that two or more persons conspired, or agreed, to distribute a controlled substance, and that the defendant(s) knowingly and voluntarily joined the conspiracy. The indictment contains details establishing the elements of each of these charges.

The charges are accompanied by facts and overt acts describing Thomas' alleged participation in the enterprise as the Chief Enforcer for the Insane Vice Lord ("IVL") branch in Michigan and the National President for the alleged Vice Lord affiliate Phantom's Motorcycle Club ("PMC"). (ECF No. 1, PageID.1, 112.) The indictment also details the conspiracy drug transactions that Thomas participated in and it includes types of drugs and dates. (ECF No. 1, PageID.47, PageID.87, PageID.101, PageID.103, PageID.105, PageID.106, PageID.110, PageID.112, PageID.126-130.) For example, in paragraph 246, the indictment states "[o]n or about March 24, 2021, during a recorded call, BRANDON THOMAS discussed selling heroin for $55 a gram and arranged to sell an ounce the following day." (ECF No. 1, PageID.105.)

The indictment properly gives Thomas notice of the charges he faces. Additionally, the indictment provides sufficient details to enable Thomas to plead double jeopardy in any subsequent proceedings as the Counts contain specific names, acts, types of drugs, and dates on which the alleged offenses occurred. *United States v. Kuehne*, 547 F.3d 667, 696 (6th Cir. 2008) (finding that the indictment provided protection against double jeopardy because the counts specified particular dates when the offenses occurred and the type of drugs involved).

For the foregoing reasons, the Court finds that the indictment against Thomas is legally sufficient. The Court **DENIES** Thomas' motion for a bill of particulars.

### III. Conclusion

The Court **DENIES** Thomas' motion to dismiss (ECF No. 862) and motion for bill of particulars (ECF No. 861.)

**SO ORDERED**.

Dated: May 2, 2023                s/**Jonathan J.C. Grey**
                                  Jonathan J.C. Grey
                                  United States District Judge

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 2, 2023.

<u>**s/ S. Osorio**</u>
Sandra Osorio
Case Manager